PER CURIAM.
Sena Artigas, Personal Representative of the Estate of Carlos Jose Alfonzo, appeals an order determining entitlement to insurance policy proceeds. We reverse.
Carlos Jose Alfonzo, now deceased, by will left his assets to a friend, Carlos Arti-gas. Among the assets to be left to Arti-gas by will was a house in Dade County, Florida.
The will acknowledged that the testator had one son, who resides in Cuba. The will stated, “I intentionally and expressly make no provision for him in this my LAST WILL AND TESTAMENT.”
The testator died in 1991. At the time of his death, his son was 17 years old. Under the homestead provision of the Florida Constitution, “The homestead shall not be subject to devise if the owner is survived by a spouse or minor child_” Fla. Const. Art. X, § 4(c). The decedent’s house was indisputably homestead property. Accordingly the house passed by operation of law to the son.
The house was sold. From the proceeds the mortgage was paid off. There were net proceeds of about $20,000, which inure to the benefit of the son.[1]
The decedent had a mortgage cancellation life insurance policy. This was a specialized form of term life insurance in which the benefit amount under the term insurance policy declines in parallel with the principal balance of the mortgage. As with other forms of life insurance, the insured makes a designation of beneficiary. In this case the decedent designated his estate to be the beneficiary under the insurance policy. At no time was the mortgage lender the beneficiary, and there was no contract requiring Alfonzo to pay the proceeds over to the mortgage lender.
The personal representative and the son made competing claims for the insurance policy proceeds. The son argued that since the insurance policy was denominated mortgage cancellation life insurance, it followed that the decedent had intended the funds to be used to pay off the mortgage. Since the son had paid off the mortgage with the proceeds from the sale of the house, the son asserted that he should be reimbursed by use of the insurance policy proceeds. The personal representative asserted that the insurance policy proceeds were payable to the estate and should pass to the beneficiary under the will, Artigas. The trial court awarded the proceeds to the son.
In our view the disposition of the funds should be made in a manner which will best effectuate the testator's intent. Here, the testator desired the assets of his estate to pass to Artigas. He did not intend for the son to take anything at all. By operation of law, the son has received the house. The insurance policy proceeds are payable to the estate. Rather clearly, the testator desired that the assets of the estate go to Artigas, not the son. That intent is best *425 carried out by allowing the proceeds to pass to the will beneficiary, not the son.
The order under review is reversed and the cause remanded with directions to enter judgment for the personal representative.

. In accordance with federal regulations governing relations with Cuba, the funds are held in a blocked account.